IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-72,489-01 AND WR-72,489-02




EX PARTE JOHN LOPEZ, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 5020353-A AND 3021616-A IN THE 167TH JUDICIAL DISTRICT COURT
FROM TRAVIS COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted in a single trial
of two charges of aggravated sexual assault of two different children and sentenced to sixteen years’
imprisonment for each charge, to be served concurrently. The Third Court of Appeals affirmed his
convictions. Lopez v. State, Nos. 03-06-00647-CR and 03-06-00659-CR (Tex. App. – Austin,
August 1, 2007, pet. ref’d).
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel elicited testimony on direct examination from Applicant regarding four prior felony
convictions for forgery. Applicant alleges that the State could not have introduced evidence of those
prior convictions, because they were remote and irrelevant, and that counsel could have had no
strategic reason for introducing such evidence, or for failing to litigate the issue of their admissibility
prior to trial. Applicant also alleges that trial counsel was ineffective for failing to research the law
regarding severance, and for failing to move to sever the two charges.
            Applicant also alleges that counsel was acting under a direct conflict of interest, which
adversely affected specific instances of counsel’s representation. Specifically, Applicant alleges that
his wife advised counsel prior to trial that one of her daughters had been sexually abused by one of
the complainants in these cases. Rather than reporting the abuse, counsel allegedly advised
Applicant’s wife that “they should talk about it.” At trial, Applicant’s wife and her daughters
testified about the incident, and the prosecutor expressed doubt that defense counsel would not have
reported the incident had Applicant’s wife truly informed him of it prior to trial. Defense counsel
apparently did nothing to correct the implication that Applicant’s wife was lying about telling
counsel about the incident, allowing the State to impeach her credibility in general and portray her
as a liar.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant’s prior convictions for
forgery would have been admissible at trial if defense counsel had not introduced evidence of those
convictions. If the trial court finds that the prior convictions would not have been admissible, the
trial court shall make findings as to why defense counsel introduced the evidence of Applicant’s
prior convictions through Applicant’s direct testimony. The trial court shall make findings as to why
counsel did not move to sever the two charges. The trial court shall also supplement the habeas
record with any portions of the trial transcript pertaining to the allegations made by Applicant’s wife
and step-daughters that one of the complainants sexually abused one of the step-daughters. The trial
court shall make findings as to whether trial counsel admitted on the record that he was aware of this
allegation, and if so, why he did not report it or urge Applicant’s wife to report it. The trial court
shall make findings as to whether defense counsel made any effort to dispel the impression that
Applicant’s wife was lying about informing him of the allegation prior to trial. The trial court shall
make findings as to whether the performance of Applicant’s trial attorney was deficient and, if so,
whether counsel’s deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claims for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 23, 2009
Do not publish